FILED
CLERK, U.S. DISTRICT COURT

MAY – 7 2026

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JJHONATHON GONZALEZ-GONZALEZ,<br><br>Defendant. | Case No.  26-MJ-2611<br><br>ORDER OF DETENTION |

## I.

On May 7, 2026, Defendant Jhonathon Gonzalez-Gonzalez, assisted by a Spanish language interpreter, made his initial appearance on the Criminal Complaint filed in this matter.  Scott Pactor,  a member of the CJA panel, was appointed to

represent Defendant.  The government was represented by Assistant United States Attorney Barr Benyamin.   A detention hearing was held.

☒      On motion of the Government [18 U.S.C. § 3142(f)(1)] in a case allegedly involving a narcotics or controlled substance offense with maximum sentence of ten or more years.

☒      On motion by the Government or on the Court's own motion [18 U.S.C. § 3142(f)(2)] in a case allegedly involving a serious risk that the defendant will flee.

The Court concludes that the Government is entitled to a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety or any person or the community [18 U.S.C. § 3142(e)(2)].

## II.

The Court finds that no condition or combination of conditions will reasonably assure:  ☒ the appearance of the defendant as required.

☒ the safety of any person or the community.

## III.

The Court has considered: (a) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (b) the weight of evidence against the defendant; (c) the history and characteristics of the defendant; and (d) the nature and seriousness of the danger to any person or the community.  [18 U.S.C. § 3142(g)]  The Court also considered the information presented at the hearing, the arguments of counsel, and the report and recommendation prepared by U.S. Probation and Pretrial Services.

\\

\\

\\

## IV.

2

The Court bases its conclusions on the following:

As to risk of non-appearance:

⊠    unverified background information

⊠    no viable bail resources

⊠    Born in Guatemala, has no legal status in the United States.

⊠    no legal status in the United States

⊠    unrebutted presumption

.

As to danger to the community:

⊠    Defendant is alleged to be a street level drug dealer in MacArthur Park

⊠    was arrested on March 31, 2026 for unrelated drug related offense.

⊠    history of substance abuse

⊠    unrebutted presumption

## V.

IT IS THEREFORE ORDERED that the defendant be detained until trial. The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant will be afforded reasonable opportunity for private consultation with counsel. On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined will

3

deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.  [18 U.S.C. § 3142(i)]

Dated: May 7, 2026

_____ /s/

ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE
